Ruuffin, Judge.'
 

 Every indictment must allege every fact which enters into the constitution of a crime, and must also describe it either by "way of specific allegation or conclusion, as some crime known to the law. The general and large term “ unlawfully” is too indefinite to satisfy the court, unless it be used descriptively in a statute.
 
 (Hawk.
 
 6. 2, c. 25, s. 96). That epithet in the indictment is therefore insufficient. The charge is then one of a man and woman bedding and cohabiting together in his house, without an allegation that they had not intermarried, and without applying to such cohabitation the epithet
 
 adulterovsly,
 
 or concluding that thereby they committed the crime of adultery. The indictment ought certainly to have alleged such facts as would conclusively show, that the cohabitation charged is the cohabitation forbidden by the statute, namely, an adulterous one ; which I think can only be done by the express negative affirmation, that they thus cohabited, not being husband and wife, or not being joined together in matrimony ; or perhaps, by the application of the epithet
 
 adulterously
 
 to it. The indictment must always contain such averments, even beyond the words of the sta
 
 *332
 
 tute, as will bring the case within its true construction. But here the statute calls the crime adultery; which may well make that epithet necessary. But whether it or not, this indictment is substantially defective for the want of the averments of fact already mentioned.
 

 Per Curiam. — Judgment aeeirmed.