The present was a suit by scire facias against Nelson G. Howell, as the bail of Hyatt in the former action, in which the defendant pleaded, amongst other things, (1) nul tiel record and (2) the special matter of reference and award above mentioned.
Upon the trial at HAYWOOD, on the last Fall Circuit, before (10)Pearson, J., it was insisted for the defendant, on his first plea, that there was no judgment of the court in the cause between Cunningham and Hyatt, but merely an award of execution on the award; and upon his second plea, that by the reference to arbitrators the bail *Page 14 
was discharged. The court being of opinion for the defendant, judgment was given in his favor, and the plaintiff appealed.
As the parties have not been represented by counsel, we are somewhat at a loss how we are to regard the objection taken under the plea of nul tielrecord and the decision made by his Honor. If it was intended to raise the question whether upon such a reference as that before us judgment in the cause according to the award is the legal method of enforcing it, instead of an attachment, the answer is, that from a period so early that none of the profession know when it did not exist the practice in this State has been to enter a judgment in the cause for the debt or damages awarded. It probably had its origin in consent, as a confession of judgment, which the party preferred to being exposed to process of contempt. But however it arose, it has received the approbation of the courts; and it is now the constant usage, Simpson v. McBee, 14 N.C. 331, and it is too late to question it as a proper method of proceeding on awards.
It may have been intended to object to the form of the judgment as an entry. If so, it must be admitted to be informal and insufficient in its present shape. But we do not like, and indeed, without the points being unequivocally taken, we cannot assume the objection to be of that kind. The indulgence of the members of the profession towards each other is notorious, as the chief cause why the pleading and entries in our courts are not more fully and accurately drawn out; and it is not to be believed that gentlemen of the bar could be prevailed on to take an advantage of a laxity in their own practice which is nearly universal. But if they were so inclined, the courts, we think, would (11) hardly yield to it, since the judges would be bound to protect suitors and purchasers under judicial proceedings from an objection of such extensive operation, if legitimate means could be devised to that end. This may be done by observing the method that has heretofore prevailed, which is, not to consider such an entry as the entry of the judgment properly speaking, but as a minute of which the import is well understood, and from which the judgment might be formally drawn out. Upon an objection of the kind supposed, the court would, as of course, allow time to make up and engross the record; and, therefore, such minutes have been usually received upon the trial as evidence, as the record would be, were it complete. We must suppose that *Page 15 
such would have been the course here if the objection had been of this character; and, therefore, we infer that it was not; and that the more readily, because the court did not adjudge distinctly that there was not such a record. We presume, therefore, that the opinion of the court was given on the other point, namely, the effect of the reference on the undertaking of the bail, which we will now proceed to consider.
The point is without authority in this State, as far as the members of the Court know. Neither of us recollects any decision on it, nor even its having been raised. We find it, indeed, so stated in the books, that we must receive it as settled law in England, that when a cause is referred to arbitration the bail is discharged, unless a verdict be taken for the plaintiff to stand as a security for what may be awarded. 2 Saund., 72, a, note. It is somewhat remarkable that in the note in which this passage occurs Sergeant Williams enumerates several instances of the bail being discharged by acts or inadvertence of the plaintiff, for each of which, except this one of a reference, adjudications are quoted as authority. For this one neither authority is cited nor reason given. We have not, ourselves, succeeded in our search for an adjudication on the point. It would be more satisfactory if the ground of the rule could be found stated, as it is not so obvious as not to leave some doubt as to its principle; and, at all events, we should then be better able to judge whether its principle made it applicable to us here. In England the courts have always exercised (12) an equitable or summary control over the recognizance of bail, in subjecting or exonerating the bail; and as to bail to the sheriff, the stat. 4 Anne, ch. 16, expressly authorizes the courts by rule or rules to give such relief upon the bond as is agreeable to justice and reason; and enacts that such rule or rules of court shall have the nature and effect of a defeasance to such bonds. This relief is an instance of the exercise of this summary jurisdiction; and may have proceeded upon the idea that the reference interfered with the regular legal progress of the suit, and might therefore be an injury to the bail, in the nature of a giving of time to the principal. Yet there are objections to this supposition which seem materially to impair its force. It is not, in the first place, understood how the bail can suffer prejudice from the act in question. The determination by arbitration is ordinarily not so dilatory as trial by jury, and we are not informed that a reference extinguishes or suspends the power of the bail over his principal, so as to discharge himself by a surrender. But in the second place, by the same passage, it appears that the bail is not discharged by a reference, provided a verdict, though by consent, be taken as a *Page 16 
security; for upon it, after the award, judgment is entered up and execution sued precisely as in other cases of verdicts, and all the usual remedies pursued against the bail. 2 Saund., 72, a, note; Lee v. Lingard, 1 East, 403. Now, the objection that the time has been enlarged by the plaintiff seems to be just as applicable to one of those cases as to the other. It may affect the interests of the bail as materially for the plaintiff to stay the proceedings after verdict as before trial, by a reference. We are, therefore, not satisfied that this is the reason of the rule, but suppose that it may rest on some other.
It has occurred to us that perhaps the rule may have had its origin in the nature of the remedies on awards in the English courts. They are attachment for contempt by the suitor in not obeying the rule of court to perform the award, or an action on the submission or on the award, or entering judgment on the verdict taken as a security, (13) and then raising by execution thereon the sum awarded. But there never is judgment in the cause referred on the award, or "according to the award." Then, except in the case of a verdict, there is no judgment in the action in which the bail undertook for his principal, and, consequently, there is no condemnation for which the bail bound himself to be liable; and in the excepted case of a verdict and judgment we have seen that the bail is liable, and is constantly proceeded against, as on judgments, ordinarily.
But whether the rule in England rests on the one or on the other foundation, it ought not, we think, to prevail in this State, because here neither of those reasons has any application.
The power of the bail to surrender the principal, the periods and the places at which he may do it, and the consequences of the surrender, are not, with us, dependent upon rules of court which may be varied from time to time, nor even upon general reasons of right and justice; but they all arise out of a fixed statute law. It may be, in England, that the plaintiff is bound not to act against the defendant while the proceedings are stayed by a reference; and that during the same period the bail also is in like manner restrained. But certainly it is not so here. The act of 1771 provides that the bail shall "at any time before final judgment" have power to arrest the principal to surrender him.
So, besides the English remedies on awards, it is the settled usage, and must now be taken to be law, that the plaintiff may take judgment in the original action for debt or damages awarded, as well where the reference is without as when it is after a verdict. There is then a condemnation of the defendant, of record, which brings the case within the contract of the bail to pay the money, if the principal should not *Page 17 
pay it or render himself a prisoner. We think, therefore, that the bail cannot be set free from his contract; no stipulation of which, in its letter or spirit, appears to be violated by the reference.
PER CURIAM. Reversed.
Cited: Keener v. Goodson, 89 N.C. 276; Lusk v. Clayton, 70 N.C. 188.
Distinguished: Debrule v. Scott, 53 N.C. 74.
(14)